IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | § § § | |
| Interpleader-Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:15-CV-042-BL |
| GLADYS PATTERSON, TRACEY PATTERSON, AND C&J FINANCIAL, LLC., | § § § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This matter is before the court on American General Life Insurance Company's (AGLIC) "Original Interpleader Complaint and Request for Declaratory Judgment," filed March 3, 2015. As the holder of a fund on which contesting claims lie, AGLIC seeks to interplead three parties via the federal interpleader statute, 28 U.S.C. § 1335. The United States District Judge referred the case to this court on April 14, 2015, pursuant to 28 U.S.C. § 636(c). (Doc. 4). AGLIC deposited the contested funds into the court's registry on June 9, 2015, giving the court jurisdiction to decide this interpleader complaint. *See* 28 U.S.C. § 1335(a)(2).

Interpleader actions typically involve two steps: first, the court must determine the right of the party invoking the interpleader remedy to require the competing claimants to litigate their dispute in one proceeding; second, assuming the interpleader action is properly brought, the court will determine the respective rights of the claimants to the stake. *See, e.g., Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999).

Under 28 U.S.C. § 1335, district courts "have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more," if (1) two or more adverse claimants under 28 U.S.C. § 1332(a) or (d) claim or may claim

entitlement to money or property and (2) the plaintiff has deposited such money or property into the registry of the court. The first step of interpleader requires the court to assure these requirements are satisfied.

It is undisputed that the amount in controversy in the present case satisfies the $500 threshold, and that two or more adverse claimants exist. (Doc. 9, p. 2, para. 6), (Doc. 13, p. 2, para. 9), (Doc. 15, p. 2, para. 6). As noted, AGLIC deposited the contested funds into the registry of the court on June 9, 2015. Further, it is plain that AGLIC faces the threat of multiple vexation from defendants. *See, e.g.*, Doc. 13, p. 3, para. 20 ("Defendant Tracy Patterson would instead allege that he is the rightful owner of the proceeds."); Doc. 15, p. 4, para. 27 ("Defendant Gladys Patterson alleges that she is the proper party to receive the proceeds.").

The requisites for statutory interpleader having been satisfied, the court is convinced the remedy of interpleader is appropriate in this case. Defendants neither contest the propriety of statutory interpleader, nor aver that AGLIC has any interest in the stake or should have any liability in the disposition of the proceeds now deposited in the registry of the court.

Accordingly, it is **RECOMMENDED** that Interpleader-Plaintiff AGLIC be **RELEASED AND DISCHARGED** from this action, and the remaining parties should proceed to litigate their claims in this court. AGLIC should have no liability for the death benefit and accrued interest to any purported claimant in this action.

**SO ORDERED**

Dated this 24th day of July, 2015.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE